UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TIMOTHY J. BUNCE,

                                        Plaintiff,

v.                                                                      5:19-CV-266
                                                                        (TWD)

FARM SERVICE AGENCY, USDA,

                                        Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

TIMOTHY J. BUNCE
Plaintiff Pro Se

HON. GRANT C. JAQUITH                          WILLIAM F. LARKIN, ESQ.
United States Attorney                                Assistant United States Attorney
Northern District of New York


THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## <u>ORDER</u>

Presently before the Court in this case involving a challenge to federal agency action

pursuant to 7 U.S.C. § 6999, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA")

is Plaintiff's motion for relief from agency action pending judicial review.  (Dkt. No. 37.)

Defendant opposes the motion.  (Dkt. No. 43.)  For the reasons that follow, the Court denies the

motion.

By this motion, Plaintiff apparently requests relief enjoining Defendant from complying with

its mandatory requirements to notify him of his default related to payment of real estate taxes during

the pendency of this action.  (*See generally* Dkt. No. 37.)  In his amended complaint, Plaintiff seeks

review of adverse action by the Defendant which he appealed to the United States Department of

Agriculture, Office of the Secretary, National Appeals Division ("NAD").  (*See generally* Dkt No.

29.)  More specifically, Plaintiff seeks judicial review in this action of the NAD's final agency

decisions related to his requests for primary loan servicing with respect to an existing loan, for

which Plaintiff's real property was part of the collateral, as well as a request for a new loan.  (*See*

*id.*)  Because Plaintiff had not paid the real property taxes on the collateral property, and because

Oswego County, the taxing entity, issued a Tax Enforcement Notification regarding potential

foreclosure on the real property due to the delinquent taxes, the Defendant issued required loan

servicing notices to Plaintiff related to the real property tax delinquency and paid the outstanding

taxes while this action was pending.  (Dkt. No. 43-1 ¶ 18.)  Additionally, Defendant agreed to

extend the deadline for submission of any information to Defendant required by the notices

indefinitely pending resolution of this action.  *Id.* ¶ 26.  Consequently, Plaintiff is not prevented

from reapplying for loan servicing once this matter is resolved.

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be

granted unless the movant, by a clear showing, carries the burden of persuasion."  *Moore v. Consol.*

*Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968,

972 (1997) ).  "The district court has wide discretion in determining whether to grant a preliminary

injunction."  *Id.* at 511.  To succeed on a motion for preliminary injunctive relief, a plaintiff must

demonstrate irreparable harm and either a substantial likelihood of success on the merits of the

claim, or sufficiently serious questions going to the merits and a balance of hardships tipping

decidedly in his favor.  *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund*

*Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

Here, Plaintiff has failed to demonstrate he will be irreparably harmed without the requested

injunction since Defendant is required to provide Plaintiff with another opportunity to reapply for

loan servicing once this District Court appeal is resolved.  Plaintiff has also failed to establish he has

a substantial likelihood of success on the merits to prevent Defendant from complying with its

mandatory requirements to notify him of his failure to pay real property taxes.

Therefore, after careful consideration of the parties' arguments on the motion, and the

applicable law, it is hereby,

**ORDERED**, that Plaintiff's motion (Dkt. No. 37) for relief from agency action pending

judicial review is **DENIED.**

SO ORDERED.

Dated: July 1, 2020
        Syracuse, New York

Therese Wiley Dancks
United States Magistrate Judge

3